**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NATIONWIDE INSURANCE COMPANY OF AMERICA,<br><br>       Plaintiff,<br><br> and<br><br>BANK OF AMERICA, N.A.,<br><br>       Defendant-cross-defendant-<br>       Appellee,<br><br>       v.<br><br>SHIRLEY BROWN, an individual,<br><br>       Defendant-cross-claimant-<br>       Appellant. | No. 15-56472<br><br>D.C. No. 2:14-cv-02244-DDP<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted April 11, 2017[**]

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:     GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Shirley Brown appeals pro se from the district court's judgment on behalf of Bank of America, N.A. in an interpleader action brought by Nationwide Insurance Company of America. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal of Brown's cross-complaint under Federal Rule of Civil Procedure 12(c). *Arrington v. Wong*, 237 F.3d 1066, 1069 (9th Cir. 2001). *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

Brown's challenge to Mortgage Electronic Registration Systems, Inc. ("MERS") assignment of her deed of trust in 2013 fails because Brown agreed in the Deed of Trust that MERS would serve as beneficiary with power to exercise the rights of the lender. *See Siliga v. Mortgage Electronic Registration Systems, Inc.*, 161 Cal. Rptr. 3d 500 (Ct. App. 2013), *disapproved of in part on other grounds by Yvanova v. New Century Mortg. Corp.*, 365 P.3d 845 (Cal. 2016) ("California courts have held that a trustor who agreed under the terms of the deed of trust that MERS, as the lender's nominee, has the authority to exercise all of the rights and interests of the lender . . . is precluded from maintaining a cause of action based on the allegation that MERS has no authority to exercise those rights."). The allegation that the original lender had its business charter revoked prior to the challenged assignment does not affect MERS's ability to act as

beneficiary under the deed of trust.

To the extent that Brown challenges the validity of the purported securitization of her loan, she lacks standing to raise such a challenge. *See, e.g.*, *Saterbak v. JP Morgan Chase Bank, N.A.*, 199 Cal. Rptr. 3d 790, 796 (Ct. App. 2016) (holding that an assignment of a loan into a securitized trust that was allegedly forged or untimely was merely voidable and, therefore, the borrower lacked standing to challenge its validity). We reject as without merit Brown's contention that the purported securitization of her loan affected the enforceability of the note or deed of trust.

The district court did not abuse its discretion in granting Bank of America's request for judicial notice. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (setting forth standard of review).

We reject as without merit Brown's contentions that the district court lacked jurisdiction to enter judgment or that it otherwise erred in disbursing the interpleaded funds to Bank of America.

We do not consider arguments and allegations not specifically and distinctly raised and argued in the opening brief, or raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**